People v Dunham (2019 NY Slip Op 02265)





People v Dunham


2019 NY Slip Op 02265


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8775 945/08

[*1]The People of the State of New York, Respondent,
v
Jermaine Dunham, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (James J. Wen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Joseph Dawson, J.), rendered May 13, 2011, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and resisting arrest, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The court properly denied defendant's suppression motion. The People met their burden of presenting evidence of the specific content of the description transmitted to the arresting officer, and evidence that defendant matched the description. Contrary to defendant's assertion, the arresting officer's direct testimony establishing these facts was not undermined on
cross-examination, and in any event it was corroborated by inferences that could be drawn from the testimony of other officers. Even if the description was somewhat general, it provided reasonable suspicion to stop defendant based on a combination of factors (see e.g. People v Moise, 165 AD3d 516 [1st Dept 2018], lv denied 32 NY3d 1127 [2018]), including the suspicious fact that defendant volunteered (falsely) to the officers that he had already been "checked."
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding, based primarily on the court's assessment of the attorney's credibility, is entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). Each of the proffered nondiscriminatory reasons had a legitimate basis (see People v Hecker, 15 NY3d 625, 663-64 [2010]), and the record fails to support defendant's assertion that an isolated phrase employed by the prosecutor in explaining her jury selection strategy should be viewed as an actual concession of discriminatory intent. Defendant failed to preserve his claim of disparate treatment by the prosecutor of similarly situated panelists (see e.g. People v Cunningham, 21 AD3d 746, 748-49 [1st Dept 2005], lv dismissed 6 NY3d 775 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we find no disparity that would compel a finding of pretext. We have considered and rejected defendant's remaining Batson arguments.
The court providently exercised its discretion in admitting evidence of an uncharged crime. The charges upon which defendant was being tried included a gunpoint robbery, of which defendant was ultimately acquitted. At trial, defendant contended that he did not commit the robbery, and that he did not possess the silver-colored pistol allegedly found in his possession when he was arrested. Accordingly, a witness's testimony that defendant broke her car window with a silver metal object very shortly after the robbery was admissible. The testimony was not admitted to demonstrate defendant's criminal propensity, and it was highly probative of defendant's identity as the robber and possessor of the weapon, because it tended to prove, circumstantially, that he was in continuing possession of a particular pistol (see People v Del [*2]Vermo, 192 NY 470, 478-82 [1908]). This long-recognized method of proving identity does not depend on the existence of a unique modus operandi, and defendant's arguments addressed to the latter type of evidence are misplaced (see People v Winkfield, 98 AD2d 923 [1st Dept 2012], lv denied 20 NY3d 1066 [2013]).
By failing to object, or failing to request further relief after the court took curative actions, defendant failed to preserve many of his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK